# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-51210
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL TREJO-GAMBOA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1677-1

————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Saul Trejo-Gamboa appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the 46-month, within-guidelines sentence was substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Trejo-Gamboa argues that the sentence failed to account for his personal history and characteristics;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specifically, his cultural assimilation and benign motive for returning to the United States.  He also argues that the sentence failed to reflect the disproportionately harsh effect of his prior drug conviction on the applicable guidelines range.

Trejo-Gamboa contends that a presumption of reasonableness should not apply to sentences calculated under U.S.S.G. § 2L1.2 because the Guideline is not empirically based.  He acknowledges that his argument is foreclosed by circuit precedent but seeks to preserve the issue for further review.  As Trejo-Gamboa concedes, we have consistently rejected his "empirical data" argument.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 & n.7 (5th Cir. 2009).

The record reflects that the district court considered Trejo-Gamboa's mitigation arguments and the § 3553(a) factors.  The district court ultimately concluded that a sentence at the bottom of the guidelines range was sufficient, but not greater than necessary, to satisfy the sentencing goals set forth in § 3553(a).  Trejo-Gamboa's assertions that § 2L1.2's lack of an empirical basis, the undue weight accorded his prior drug conviction, his cultural assimilation, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Therefore, Trejo-Gamboa has failed to show that his 46-month, within-guidelines sentence was substantively unreasonable.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  The district court's judgment is **AFFIRMED**.